# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LEONARD CRAIG LANDT, JR.,<br><br>Defendant. | Case No. CR14-0119<br><br>ORDER FOR PRETRIAL DETENTION |

On the 9th day of December, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Lisa C. Williams. The Defendant appeared personally and was represented by his attorney, John L. Lane.

## I. RELEVANT FACTS AND PROCEEDINGS

On October 30, 2014, Defendant Leonard Craig Landt, Jr. was charged by Indictment (docket number 4) with conspiracy to commit robbery (Count 1) and robbery and aiding and abetting robbery (Count 2). At the arraignment on December 5, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on February 2, 2014.

Special Agent Timothy Hunt of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) testified regarding the circumstances underlying the instant charge. According to Hunt, Defendant first came to his attention when Hunt was investigating the transfer of a sawed-off shotgun. Hunt interviewed Defendant on June 23, 2014, and Defendant admitted that he had delivered a 20 gauge sawed-off shotgun from one person to another, and was paid one-half gram of methamphetamine for his services.

During the investigation, Agent Hunt was advised by the Cedar Rapids Police Department that Defendant had been arrested and was being investigated regarding a robbery.[1] During the interview, Defendant admitted that he had robbed Brian O'Geary, together with co-Defendants Bart Waddell and Snofawn Torres. The crime was video-recorded by Defendant and the video recording was introduced as Exhibit 1 and played at the hearing.

Defendant is 27 years old. He was born in Cedar Rapids and has lived here all of his life. While he has never been married, Defendant has two daughters (ages 6 and 3) from two separate relationships. Defendant has extended family living in Cedar Rapids. Prior to his arrest, Defendant had been living for the past year with his grandmother in Cedar Rapids.

Since May 2014, Defendant has been employed (when not incarcerated) as a cook at the Rise-N-Dine restaurant in Cedar Rapids. According to his employer, Defendant is "doing very well and is a good employee." Defendant could return to that employment if released.

Defendant is in generally good health and reported no history of serious illness. In March 2014, however, Defendant overdosed on PCP and spent three weeks in the psychiatric unit at St. Luke's Hospital. He has been diagnosed with severe anxiety and paranoid schizophrenia. In April 2014, Defendant participated in and completed a 28-day dual diagnosis program at Prairie Ridge in Mason City.

Defendant described himself as a "social drinker," but has been convicted four times for operating while intoxicated. Defendant has smoked marijuana "off-and-on" for the past ten years, but said he has not used since June 2014. Defendant admitted using

---

[1] The record is somewhat imprecise regarding why Defendant was arrested at that time, but the Court notes that he was charged with escape from custody on May 30, 2014.

methamphetamine and told the pretrial services officer that he injected the drug on a daily basis until June 22, 2014. For the past three months, Defendant has participated in state drug court and drug treatment at ASAC.

Defendant has an extensive prior criminal record. As a juvenile, he was placed at Bremwood. As an adult, he has convictions for interference with official acts, possession of a controlled substance, public intoxication, operating while intoxicated, assault causing injury to a peace officer, interference with official acts, burglary in the second degree, assault, assault, interference with official acts, public intoxication, disorderly conduct, public intoxication, operating while intoxicated, operating while intoxicated, public intoxication, operating while intoxicated-3rd offense, possession of a controlled substance, providing false identification information, and escape from custody. Many of the offenses occurred while Defendant was on probation or had other charges pending. For example, Defendant's third charge of operating while intoxicated came just six weeks after his second charge. While on probation for burglary in the second degree, Defendant was found in contempt in 2010, 2011, and 2012, and sentenced to a total of 255 days in jail. Defendant was placed on absconder status three times while on probation. When Defendant was placed in a halfway house on May 6, 2014, he walked away after 24 days (on May 30) and was charged with escape. The robbery in this case allegedly occurred 10 days later.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

4

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to commit robbery, and robbery and aiding and abetting robbery. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(A).

The weight of the evidence against Defendant is strong. For whatever reasons, Defendant video-recorded his crime. Defendant also admitted his involvement in this violent offense to law enforcement officers. While Defendant has substantial ties to the community, he has been placed on absconded from probation status on three occasions and walked away from a halfway house earlier this year. Many of Defendant's prior convictions occurred while he was on supervision or had other charges pending. Defendant has been convicted of assault on at least three occasions (one causing injury to a police officer) and the video recording shows the violent nature of the instant offense.

The Court has not disregarded the fact that Defendant has performed well while in drug court during the last three months. The Court cannot rely solely on Defendant's performance during this brief period, however, and ignore his prior record while under supervision. As noted above, Defendant was hospitalized for three weeks in March, attended a 28-day program at Prairie Ridge in April, and was assigned to a halfway house in May. That is, Defendant was given a substantial opportunity earlier this year to address his substance issues and become law-abiding. Instead, he walked away from the halfway house and, approximately ten days later, allegedly committed the instant offense.[2] Because Defendant is now facing serious federal criminal charges, which will likely result in imprisonment, I am not convinced Defendant would comply with terms of supervision and maintain his sobriety. Accordingly, I believe his release would constitute a danger to the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

---

[2] While the record is imprecise, it would appear that a warrant may have been outstanding for Defendant's arrest when the events giving rise to this case occurred on June 9.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (December 5, 2014) to the filing of this Ruling (December 9, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 9th day of December, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA